## James Wayne BOGLE *v.* Brenda Gail BOGLE

5-5659                                                 473 S.W. 2d 439

Opinion delivered December 6, 1971

*Branscum, Schmidt & Mazzanti,* for appellant.

*Olmstead & McSpadden,* for appellee.

JOHN A. FOGLEMAN, Justice. This is another appeal from a chancellor's holding in child custody litigation arising from the inability of the divorced parents to agree upon what will be for the best interests of their child. No useful purpose would be served by a detailed statement of the evidence or recitation of the governing authorities. We are unable to say that the determination made by the chancellor was clearly against the preponderance of the evidence in most particulars.

The mother and father came to a parting sometime in 1969, when the child concerned in this litigation was only two years of age. They then entered into a separation agreement on October 10, 1969. The husband agreed to pay the wife $120 per month for child support until the wife remarried. It was stipulated that appellant have custody of the child, a son, each weekend from Saturday morning to Sunday afternoon and for two and one-half months each summer, along with reasonable visitation privileges at special times such as Christmas. The divorce decree, entered April 13, 1970, followed the

agreement except it eliminated the termination of child support payments by remarriage of appellee and limited summer visitation rights of appellant to six weeks, separated into two periods of three weeks each, divided by an interval of at least three weeks. Appellant was relieved of payments of support money to appellee while the child was in his custody.

On September 29, 1970, appellee filed her petition to modify the decree as to child custody. She alleged her remarriage on September 11 and her intention to establish a home with her new husband in Columbia, Missouri. Her petition specifically requested that the child not be subjected to a long journey each weekend. Appellant responded with the allegation that because any changes were of appellee's own making, his rights of visitation should not be impaired. He also alleged that appellee's misconduct had rendered her unfit to have custody. He asked that he be awarded custody of the child.

The chancellor expressed a reluctance to take a child of such tender years from his mother. He noted that some of appellee's conduct with her second husband before their marriage was subject to criticism, but did not feel that the evidence justified a change of custody. He also pointed out that appellant had not shown where he would keep the child if awarded custody. The chancery court changed appellant's visitation rights to one week every three months because of the distance and charged him with the expense of transporting the boy both ways. At the same time the court reduced child support to $100 per month.

Appellant testified that he was willing to pick the child up every weekend at Heber Springs where the mother was then living, but wanted full custody if she moved to Missouri. He felt that the child did not want to return to his mother after the weekend visits and expressed some dissatisfaction with the clothing provided for the boy by appellee.

The errors alleged by appellant are: (1) denial of his prayer for permanent custody; (2) limitation of ap-

pellant's visitation rights; and (3) disregard of the child's best interests.

The chancellor saw and heard these parties. Appellee's conduct with her present husband, particularly immediately preceding their marriage, was properly subject to criticism, but we cannot say that there was error in the chancellor's finding that a change of custody because of this conduct was not warranted. Even if appellant had been able to show some of the things he suggests he might have if the scope of the testimony had not been limited, the evidence would not have justified depriving the mother of the custody of this child of such tender years. We do not know where or how appellant who lives alone in a two-bedroom apartment could have given the child the needed attention on a full-time basis. Appellant's move for permanent custody appears to have been, to a great extent, a reaction to appellee's proposal to take the child so far away and to the prospect of a severe limitation of his visitation rights rather than deep concern about the mother's fitness.

The distance between Searcy, where appellant lives, and Columbia, Missouri, was given as 340 miles. No child of the age of this one should be subjected to such a long trip every weekend. The chancellor was justified in changing this visitation and eliminating the special holidays. He did not state, nor do we perceive, any reason for eliminating the two summer visits of three weeks each, however. The change ordered by the chancellor would have reduced the total time of the visits to about one-fourth of that allowed by the original decree. We find that this modification of the divorce decree was not justified. The change from weekend visits to visits of one week every three months is modified to apply only from the first day of September in each year to the first day of June in the following year, but the two three-week summer visits should continue as provided in the original decree.

The chancellor was justified in changing child support payments when consideration is given appellant's additional expense of transportation, the child's present

needs, appellee's admission that the compromise figure of $120 was partly attributable to appellant's leniency, and the fact that some expenses of the maintenance of the home of appellee and her present husband for themselves will naturally redound to the benefit of the child. However, in view of the modification of the father's visitation rights it seems to us that appellant should be relieved of these payments for two of the months in which the summer visits are made.

Although appellant complains that the court did not require appellee to give security for her performance of the modified decree before removing the child, we do not find where this question was raised in the chancery court.

With the modifications hereinabove mentioned, the decree is affirmed.